Filed 4/18/16  P. v. Layton CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LATRELL LAYTON,<br><br>    Defendant and Appellant. | B268605<br><br>(Los Angeles County<br>Super. Ct. No. TA135850) |

THE COURT:[*]

Defendant Latrell Layton appeals from the judgment entered following his plea of no contest to possession of an assault weapon (Pen. Code, § 30605, subd. (a))[1] and his admission of the gang enhancement allegation (§ 186.22, subd. (b)(1)(A)) and that he had suffered a strike under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).[2]  He was sentenced to prison for four years, consisting of the two-year low term on his conviction, plus the two-year low term on the gang enhancement.[3]

---

[*]     BOREN, P.J.          ASHMANN-GERST, J.          HOFFSTADT, J.

[1]     All further section references are to the Penal Code.

[2]     In his notice of appeal, defendant purports to appeal from the order denying his motion to suppress evidence pursuant to section 1538.5.  No appeal lies from such order,

At the preliminary hearing, evidence was presented to establish: On November 14, 2014, Los Angeles Police Officer Lee received information from the Criminal Gang Homicide Bureau that a gang party was going to take place that evening at 818 West 104th Place, a known hangout for the Hoover Criminals street gang. At about 7:30 p.m., upon their arrival, 15 officers heard loud music and smelled marijuana coming from the backyard. Defendant was standing near a shed in the backyard. While Officer Zaragoza illuminated him with a flashlight, Officer Hitchens observed defendant place a long object, which was wrapped in a white cloth or T-shirt, on top of the shed. Officer Niemeyer recovered the item, which was an assault rifle.

Defendant's motion to suppress evidence (§ 1538.5) at that hearing was denied. The trial court denied his renewed suppression motion, which was limited to the evidence reflected in the preliminary hearing transcript.

Pursuant to a plea bargain, defendant waived his constitutional rights and pled no contest to possession of an assault weapon (§ 30605, subd. (a)) and admitted the gang enhancement allegation (§ 186.22, subd. (b)(1)(A)) and that he had suffered a strike under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds (a)-(d)).

We appointed counsel to represent defendant on this appeal. After examination of the record, counsel filed an "Opening Brief" in which no issues were raised.

On January 19, 2016, we advised defendant he had 30 days within which to submit personally any contentions or issues which he wished us to consider. Defendant has not filed a response.

Defendant has raised no arguable issues. We have examined the entire record and are satisfied defendant's attorney has complied fully with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

---

which may be challenged on appeal from the judgment entered based on his no contest plea. (§ 1538.5, subd. (m).) We deem the appeal to be from that judgment.

[3]     The trial court struck the strike for purposes of sentencing only.